**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN DIXON,<br><br>Plaintiff,<br><br>v.<br><br>COVETRUS, INC., PHILIP A. LASKAWY, DEBORAH G. ELLINGER, PAUL FONTEYNE, SANDRA L. HELTON, MARK J. MANOFF, EDWARD M. MCNAMARA, STEVEN PALADINO, SANDRA PETERSON, RAVI SACHDEV, SHARON WIENBAR, and BENJAMIN WOLIN,<br><br>Defendants. | Civil Action No. ___________<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Brian Dixon ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Covetrus, Inc. ("Covetrus" or the "Company") and Covetrus's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Clayton, Dubilier & Rice, LLC ("CD&R") and TPG Global, LLC ("TPG") (collectively, the "Buyers").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on September 13, 2022. The Proxy recommends that Covetrus stockholders vote in favor of a proposed transaction (the "Proposed

Transaction") whereby Covetrus is acquired by the Buyers. The Proposed Transaction was first disclosed on May 25, 2022, when Covetrus announced that it had entered into a definitive merger agreement with the Buyers (the "Merger Agreement") pursuant to which CD&R and TPG will acquire the shares of Covetrus that CD&R does not already own for $21.00 per share in cash (the "Merger Consideration"). Affiliates of CD&R and TPG have entered into equity commitment letters with Parent pursuant to which they have agreed to provide equity commitments of approximately $1.604 billion. The deal is valued at approximately $4 billion and is expected to close in the second half of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Covetrus management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman"), Covetrus's financial advisor, and potential conflicts of interest faced by the Company's additional financial advisor, Lincoln International ("Lincoln").

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Covetrus's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Covetrus's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock

of Covetrus.

6. Defendant Covetrus is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 7 Custom House Street, Portland, Maine 04101. Covetrus common stock trades on the Nasdaq Global Select Market under the ticker symbol "CVET."

7. Defendant Benjamin Wolin has been the President, Chief Executive Officer, and a director of the Company since 2019.

8. Defendant Philip A. Laskawy has been a director of the Company since 2019. Defendant Laskawy serves as Chairman of the Board.

9. Defendant Deborah G. Ellinger has been a director of the Company since 2019.

10. Defendant Paul Fonteyne has been a director of the Company since 2021.

11. Defendant Sandra L. Helton has been a director of the Company since 2019.

12. Defendant Mark J. Manoff has been a director of the Company since 2019.

13. Defendant Edward M. McNamara has been a director of the Company since 2019.

14. Defendant Steven Paladino has been a director of the Company since 2019.

15. Defendant Sandra Peterson has been a director of the Company since 2020.

16. Defendant Ravi Sachdev has been a director of the Company since 2019.

17. Defendant Sharon Wienbar has been a director of the Company since 2020.

18. Nonparty CD&R is a New York investment firm with principal executive offices located at 75 Park Ave #18, New York, NY 10152. Nonparty TPG is an alternative asset management firm founded in San Francisco with principal executive offices located at 301 Commerce St, Ste 3300 Fort Worth, TX 76102.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

20. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

22. Covetrus was incorporated in Delaware in April 2018 as a wholly owned subsidiary of Henry Schein, Inc., under the name HS Spinco, Inc., and subsequently changed its name to Covetrus, Inc. Covetrus is a global animal-health technology and services company in the companion, equine, and large-animal veterinary markets.

23. On May 24, 2022, the Company entered into the Merger Agreement with Buyer.

24. According to the press release issued on May 25, 2022, announcing the Proposed Transaction:

**Covetrus to Be Acquired by Clayton, Dubilier & Rice and TPG at an Enterprise Valuation of Approximately $4 Billion**

*Covetrus Shareholders to Receive $21.00 per Share in Cash*

*Represents a 39% premium to Covetrus' unaffected 30-day VWAP as of May 13, 2022*

Covetrus® (NASDAQ: CVET) ("Covetrus" or the "Company"), a global leader in animal-health technology and services, today announced that it has entered into a definitive agreement pursuant to which funds affiliated with Clayton, Dubilier & Rice ("CD&R"), a global private investment firm, and TPG Capital, the private equity platform of global alternative asset management firm TPG ("TPG"), will acquire all outstanding shares of Covetrus common stock not already owned by affiliates of CD&R for $21.00 per share in cash, representing an enterprise value of approximately $4 billion.

CD&R and its affiliates currently beneficially own approximately 24% of the Company's outstanding shares of common stock. The transaction delivers significant value to Covetrus' shareholders and represents a 39% premium to Covetrus' 30-day volume weighted average price per share as of the unaffected stock price as of May 13, 2022.

The proposed transaction has been unanimously approved by a transaction committee of independent directors of the Board of Directors of Covetrus (the "Transaction Committee"). The Board of Directors of Covetrus has unanimously approved the proposed transaction on the recommendation of the Transaction Committee.

"This transaction is an important milestone for our company, shareholders, employees, customers and partners," said Benjamin Wolin, Covetrus' President and Chief Executive Officer and a member of its Board of Directors. "Not only does this deal provide compelling value for our existing shareholders, it allows Covetrus to continue its mission to drive positive outcomes – both business and healthcare – for veterinarians across the globe. We appreciate CD&R's support and their continued commitment to our company and the global veterinary community."

"Covetrus has undergone a true transformation since our initial 2015 investment in its predecessor Vets First Choice, growing from $55 million in revenue focused primarily on online pharmacy in the US to a leading global provider of animal health services with more than $4.6 billion in revenue," said Sarah Kim, Partner at CD&R. "We are excited to have this opportunity to grow our investment in Covetrus and to do so in partnership with TPG and management," added Ravi Sachdev, Partner at CD&R.

"Covetrus offers a dynamic portfolio of leading distribution and technology solutions to veterinarians across the globe," said Jeff Rhodes, Co-Managing Partner at TPG Capital. "The company is at an important stage in its ongoing evolution, and we look forward to partnering with management and CD&R to further its leadership in the growing animal health space," continued Kendall Garrison, Partner at TPG Capital.

> The transaction is expected to close in the second half of 2022. Completion of the transaction is subject to certain regulatory approvals and the satisfaction of other customary closing conditions, including the approval of Covetrus' shareholders. The transaction will be financed through a combination of cash funded by investment funds affiliated with CD&R and TPG Capital, as well as committed debt financing.
>
> Upon completion of the transaction, Covetrus will become a private company and will no longer be publicly listed or traded on NASDAQ. Covetrus' management team, including Benjamin Wolin, President and Chief Executive Officer, is expected to continue to lead the Company. Covetrus plans to maintain its headquarters in Portland, Maine, and will continue to operate under its current brands.

**B. The Materially Incomplete and Misleading Proxy**

25. On September 13, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

***Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts***

26. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Goldman's fairness opinion, Goldman reviewed "certain internal financial analyses and forecasts for the Company prepared by its management, as approved for Goldman Sachs' use by the Company." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Covetrus' management provided to the Board and Goldman.

27. Notably, Defendants failed to disclose the line-item entries forming the basis of Covetrus' projected Adjusted EBITDA.

28. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning Goldman's Financial Analyses***

29. With respect to the *Illustrative Discounted Cash Flow Analysis*, the Proxy fails to disclose:) the Company's outstanding shares on a fully diluted basis.

30. With respect to the *Illustrative Present Value of Future Share Price Analysis*, the Proxy fails to disclose: (b) the Company's projected net debt as of each of December 31, 2022, 2023, and 2024; (c) the key data, inputs, and assumptions forming the basis of the discount rate applied by Goldman; and (d) the Company's outstanding shares on a fully diluted basis.

***Materially Incomplete and Misleading Disclosures Concerning the Flawed Process***

31. The Proxy fails to disclose information about confidentiality agreements entered into between the Company and parties to the sales process. The Proxy does not disclose the terms of the standstill provisions, whether the standstill provisions are still in effect or have been waived, and which of the parties cannot make a superior proposal for the Company. The disclosure of the terms of any standstill provisions is crucial to Plaintiff being fully informed of whether his fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

***Materially Incomplete and Misleading Disclosures Concerning Lincoln's Potential Conflicts of Interest***

32. The Proxy fails to disclose material information concerning potential conflicts of interest by the Company's additional financial advisor, Lincoln, specifically: (a) Lincoln's compensation for its engagement in the Proposed Transaction; (b) if and how much of such compensation is contingent upon the consummation of the Proposed Transaction; and (c) whether, in the past two years, Lincoln had been engaged or rendered any services for the Company, CD&R,

TPG, or any of their affiliates and the description of any such services and amounts of compensation received by Lincoln for such services.

33. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

34. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

35. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

36. Further, the Proxy indicates that on May 23, 2022, Goldman reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion dated May 24, 2022, to the effect that the Merger Consideration was fair, from a financial point of view to Covetrus stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

37. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

38. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39. Defendants have filed the Proxy with the SEC with the intention of soliciting Covetrus stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

40. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Covetrus, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

41. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value

of Covetrus's shares and the financial analyses performed by Goldman in support of its fairness opinion; (iii) the sales process; and (iv) Lincoln's potential conflicts of interest.

43. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman reviewed and discussed its financial analyses with the Board during various meetings including on May 23, 2022, and further states that the Board considered Goldman's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

44. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of Covetrus within the

meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Covetrus and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

49. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Covetrus stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: September 22, 2022

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*